IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLEN L. MOORE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-666-GPM |
| | ) |
| LARRY PHILLIPS, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Petitioner's motion to reconsider (Doc. 10) the Memorandum and Order transferring his petition for a writ of habeas corpus to the United States District Court for the Central District of Illinois.

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). When, as here, the motion is filed within 28 days of the entry of judgment, whether the motion is analyzed under Rule 59(e) or Rule 60(b) depends upon the substance of the motion, not on the timing or label affixed to it.[1] *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006). When the substance and the label

---

[1]. As of December 1, 2009, motions under Rule 59(e) must be filed "no later than 28 days after the entry" of the challenged order.

of the post-judgment motion are not in accord, district courts are directed to evaluate it "based on the reasons expressed by the movant." *Obriecht v. Raemisch,* 517 F.3d 489, 493 (7th Cir. 2008).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996); *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993). Petitioner claims that this Court erred in transferring this case to the Central District of Illinois because this Court had jurisdiction over his habeas petition pursuant to 28 U.S.C. § 2254. Consequently, the Court will construe the instant motion as arising under Rule 59(e).

Title 28 U.S.C. § 2254 provides, in part, that:

The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). While this provision states *when* a habeas petition may be entertained by a district court, it says nothing about *which* district court may entertain it.

Because § 2254 does not expressly state in which court a § 2254 habeas petition may brought, the "default rule" is that a § 2254 petition must be brought where Petitioner's immediate custodian is located, *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004), unless some other provision of law can be found granting another district court jurisdiction. As this Court stated in it's prior Memorandum and Order:

District courts are limited to granting habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. at 442. Thus, this Court has jurisdiction over Petitioner's habeas corpus petition - **be it under § 2241 or § 2254** - only if this Court has jurisdiction over Mr. Phillips or this case falls under the "concurrent jurisdiction" provision of 28 U.S.C. § 2241(d).

(*See* Doc. 6 (emphasis added)).

Petitioner misreads 28 U.S.C. § 2241(d) as applying only to § 2241 habeas petitions. That is incorrect. All habeas petitioners in custody pursuant to an order of a state court must proceed under § 2254. As such, § 2254 habeas petitions would usually have to be filed in the district court where the petitioner is detained (and the respondent is located). This can be problematic in states with multiple federal district courts. When many § 2254 habeas petitioners are convicted in one part of a state (e.g., Chicago), but confined in another part of a state (e.g., Pinckneyville), that can place a tremendous burden on the federal district court where such petitioners are confined. Title 28 U.S.C. § 2241(d) eases the burden on the district courts where § 2254 habeas petitioners are confined by providing that certain types of § 2254 habeas petitions – namely, those where the petitioner is under "judgment and sentence" of a state court – may be entertained in the convicting district, not just the district where the § 2254 habeas petitioner is detained.

For the reasons discussed in the Court's prior Memorandum and Order, however, the "concurrent jurisdiction" provision of § 2241(d) does *not* apply to Petitioner's case. Consequently, the default rule of habeas jurisdiction applies. Namely, the only court that has jurisdiction over the instant habeas petition – whether construed as a petition under § 2241 or § 2254 – is the Central District of Illinois, where Petitioner is currently detained and his immediate custodian is located. Accordingly, the Court remains persuaded that its ruling transferring this case to the Central District of Illinois was correct. Therefore, the instant motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: 11/01/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge